Thomas A. LUBRANO, Plaintiff,

v.

UNITED STATES of America;  Hillary Rodham Clinton, Secretary of State; John E. Potter, Postmaster General, Defendants.

No.  09–cv–4620 (ADS)(AKT).

United States District Court, E.D. New York.

Nov. 17, 2010.

Law Office of Edward D. Dowling IV, Esq., by Edward D. Dowling, IV, Esq., of Counsel, Port Jefferson, NY, for plaintiff.

Loretta Lynch, United States Attorney for the Eastern District of New York, by Assistant United States Attorney Margaret M. Kolbe, Brooklyn, NY, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the plaintiff Thomas A. Lubrano seeks monetary damages from the federal government for delays in the approval of an immigration visa for his Chinese wife, Baolan Cao. The defendants now move to dismiss all of the plaintiff's claims. For the reasons set forth below, the Court grants the defendants' motion in its entirety.

## I. BACKGROUND

The following facts are taken from the plaintiff's complaint, and as required on a motion to dismiss, the Court assumes that they are true.

The plaintiff Thomas A. Lubrano is the immigration sponsor of Baolan Cao, a Chinese woman to whom the plaintiff is married, and who, on March 19, 2009, was denied a visa by the United States Embassy in Guangzhou, China. The plaintiff's four-page complaint provides few details beyond this, except to assert that embassy officials misapplied the relevant rules concerning Baolan Cao's application, and that these officials then later wrongfully denied receiving documents mailed to them by the plaintiff.

On October 27, 2009, the plaintiff commenced the present lawsuit, and named as defendants the United States of America; Hillary Rodham Clinton, Secretary of State; and John E. Potter, Postmaster General. The plaintiff identifies no causes of action in his complaint, but demands ten million dollars in compensatory damages and ten million dollars in punitive damages. On January 6, 2010, prior to any discovery or motion practice in this case, the United States government issued a visa to Baolan Cao.

On March 5, 2010, the defendants moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. The defendants argued primarily that the plaintiff's complaint should be construed to assert common law tort claims against the federal government, and that the plaintiff's failure to exhaust his administrative remedies under the Federal Tort Claims Act barred the plaintiff from proceeding on these claims in court. The plaintiff responded by asserting that the complaint asserted causes of action solely pursuant to 42 U.S.C. § 1983, which does not require an exhaustion of remedies. The plaintiff also stated that, in the alternative, to the extent that the complaint does assert causes of action for common law tort, exhaustion would have been futile.

## II. DISCUSSION

The defendants have moved pursuant to Fed.R.Civ.P. 12(b)(1) and (6) to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim on grounds that: (1) to the extent that the complaint asserts a common law tort claim, the plaintiff's claim is barred for failure to exhaust administrative remedies; and (2) to the extent that the complaint asserts a claim pursuant to 42 U.S.C. § 1983, the plaintiff's claim is invalid because Section 1983 does not provide for recovery against the federal government or its agents. The Court agrees with the defendants as to both contentions.

■ The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–80, provides that a court has jurisdiction to hear a

cause of action for common law tort against the federal government or its agents only after the plaintiff has submitted a claim to a federal agency and has received a final determination on that claim. *See, e.g., Keene Corp. v. U.S.,* 700 F.2d 836, 841 (2d Cir.1983). Here, the plaintiff has not alleged that he exhausted his administrative remedies under the Federal Tort Claims Act, nor is there any evidence that he has done so. Further, the plaintiff has alleged no facts and presented no evidence that suggests that exhaustion of these remedies would have been futile. Thus, to the extent that the complaint asserts common law tort causes of action, the Court has no jurisdiction over the plaintiff's claims.

 As for the plaintiff's assertion in his opposition papers that "this case lies under 42 U.S.C. [§ ] 1983," (Pl.'s Opp. at 3), the Court finds that the plaintiff has not asserted a valid cause of action under this statute. Section 1983 provides for a cause of action against persons who violate federal rights "under color of any statute, ordinance, regulation, custom, or usage, of any *State* . . . ." Section 1983 (emphasis added). Based on the statute's reference to state actors, it is well-settled that Section 1983 does not provide an avenue to assert causes of action against the federal government or its agents. *See, e.g., Weise v. Syracuse University,* 522 F.2d 397 (2d Cir.1975) (" § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), have no applicability to federal action"). Therefore, to the extent that the plaintiff asserts a cause of action pursuant to Section 1983, the Court also dismisses this claim.

Finally, to the extent that the plaintiff seeks to merely obtain a visa for Baolan Cao, this issue has been rendered moot by the government's issuance of a visa to her.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss the plaintiff's complaint is granted in its entirety; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**