14–3880
Torres v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fifteen.

PRESENT:
  PIERRE N. LEVAL,
  GERARD E. LYNCH,
  RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

MADELINE TORRES,

  *Plaintiff-Appellant*,

  v.                                                        14-3880

UNITED STATES OF AMERICA,

  *Defendant-Appellee*,

Lutheran Medical Center,

  *Defendant.*[*]

_____

───────────────────

  [*] The Clerk of Court is respectfully directed to amend the caption to conform to the caption above.

FOR PLAINTIFF-APPELLANT:             JOHN T. WISELL, JR., Wisell & McGee, L.L.P.,
                                     Kew Gardens, NY.

FOR DEFENDANT-APPELLEE:              JAMES R. CHO, Assistant United States Attorney
                                     (Varuni Nelson, Assistant United States
                                     Attorney, *on the brief*) *for* Kelly T. Currie,
                                     Acting United States Attorney, Eastern District
                                     of New York, Brooklyn, NY, *for the United
                                     States*.

Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the case is **REMANDED** to the district court for entry of a judgment dismissing the complaint for failure to state a claim.

Plaintiff-appellant Madeline Torres appeals from the district court's dismissal of her medical malpractice claim against the United States as barred by the Federal Tort Claims Act's ("FTCA") two-year statute of limitations. *See* 28 U.S.C. § 2401(b).[1] We agree with the district court, substantially for the reasons stated by that court in its thorough opinion, that the claim is time-barred. The order appealed from, however, grants the government's motion to dismiss for lack of jurisdiction.[2] Because intervening Supreme Court authority holds that the statute of limitations in the FTCA is not jurisdictional, it is now clear that the district court's order is technically incorrect, insofar as the dismissal should be for failure to state a claim, not for lack of jurisdiction.

---

[1] Torres's claims against Lutheran Medical Center were dismissed in a separate order that is not challenged in this appeal. *See Torres v. United States*, ECF No. 52, Dkt. No. 12-6011 (E.D.N.Y. Dec. 8, 2014).

[2] Because no separate judgment was entered, the order appealed from is the district court's memorandum and order of September 25, 2014, which grants the government's motion to dismiss for lack of jurisdiction and orders that the complaint be dismissed with prejudice.

2

We assume the parties' familiarity with the facts and procedural history, and address those matters only as necessary to explain our decision.

Torres alleges that Dr. Irina Karban, who is deemed to be a federal employee under the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, negligently failed to properly diagnose and treat her ulcerative colitis, and that the worsening of her condition over the period between January 26, 2009 to February 1, 2009, after Dr. Karban failed to recognize the condition, led to serious and avoidable medical consequences, including drastic surgery, a nearly fatal cardiac arrest, lengthy hospitalization, and the loss of her unborn child.[3]

As a precondition for suit under the FTCA, an administrative claim must be filed with the responsible federal agency within two years of a plaintiff's alleged injury. Torres first made her claim in a state-court malpractice action filed on February 25, 2011.[4] Her medical malpractice claim is therefore untimely if it accrued prior to February 25, 2009.

Although a tort claim generally accrues under the FTCA at the time of a plaintiff's injury, accrual of a medical malpractice claim "may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (internal quotation marks omitted). Even under this more liberal "diligence-discovery" standard,

---

[3] Contrary to Torres's contention on appeal, the district court correctly recognized that the injury of which she complains was not the underlying ulcerative colitis itself, but rather the worsening of her condition due to the allegedly negligent failure to diagnose the condition and promptly undertake appropriate treatment. *See Torres v. United States*, No. 12-CV-6011(NGG)(RLM), 2014 WL 4805035, at *5 (E.D.N.Y. Sept. 26, 2014).

[4] Under the Westfall Act, 28 U.S.C. § 2679(d)(5), a plaintiff who erroneously sues a federal employee in state court within the two-year limitations period is permitted to exhaust administrative remedies after the case is removed by the government to federal court under the FTCA. Thus, the date of the filing of the state court action is the effective date for determining whether Torres took action within the two-year limitations period.

3

such a claim accrues when the plaintiff "knows, or should know, enough to protect h[er]self by seeking legal advice." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 142 (2d Cir. 2011) (internal quotation marks omitted).

As the district court correctly observed, Torres knew by February 1, 2009 the "critical facts" that would lead a reasonable person, and that eventually led her, to consult a lawyer to investigate whether the worsening of her condition was caused by inadequate medical care: that she had visited Dr. Karban complaining of abdominal symptoms on January 26, that her symptoms had worsened drastically over the next several days, and that she was suffering from ulcerative colitis, a condition that had not been diagnosed by Dr. Karban. Torres argues that she did not know the critical facts about her injury until a meeting with Dr. Michael Harris in April 2009. As Torres herself states in her affidavit in opposition to the government's motion, however, Dr. Harris did not say anything negative about the treatment she had received, and did not provide her with any information she had not already possessed months before. He merely asked her questions about when her symptoms first occurred, and in responding to those questions, "it occurred to" Torres that Dr. Karban might have misdiagnosed her. J.A. 208. Thus, by Torres's own testimony, all of the facts that made her realize that she had possibly been injured by medical malpractice were available to her *before* the meeting with Dr. Harris. Because she did not learn anything additional about her condition after she was diagnosed with ulcerative colitis on February 1, 2009, that is the date her claim accrued.[5] The district

---

[5] Our decision in *Valdez ex rel. Donely v. United States*, 518 F.3d 173 (2d Cir. 2008), is not to the contrary. There, we remanded to the district court because we were unable to determine what prompted the plaintiff to retain counsel. *Id.* at 180-81. Here, Torres does not suggest that she learned of critical facts that led her to the conclusion that her injury was iatrogenic on any occasion between her diagnosis on February 1 and her April meeting with Dr. Harris. Instead, she argues that Dr. Harris's questions led her to reach that conclusion. The accrual date under the diligence discovery rule is not when a plaintiff realizes that she may have a claim, but when she possesses the facts that would lead a reasonable person to that conclusion. Torres identifies no facts relevant to her conclusion that she learned from Dr. Harris or that were not available to her on February 1, 2009.

4

court therefore correctly determined that her claim was time-barred.[6]

Having correctly concluded that Torres's FTCA claim was barred by the statute of limitations, the district court dismissed the case for want of jurisdiction. After the district court's decision, however, the Supreme Court made clear that the FTCA's statute of limitations is not jurisdictional and may be subject to equitable tolling. *See United States v. Kwai Fun Wong*, Nos. 13-1074, 13-1075, 2015 WL 1808750, at *5-6 (U.S. Apr. 22, 2015). The district court determined that, assuming *arguendo* that equitable tolling was available, it was not warranted on the facts here, and Torres does not challenge that conclusion on appeal. Accordingly, although the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional, grounds. The district court's order was therefore technically incorrect insofar as it granted the government's motion to dismiss for want of jurisdiction.

For the reasons set forth above, and because we have considered all of Torres's remaining arguments and find them to be without merit, we **VACATE** the order of the district court to the extent it dismissed Torres's claim against the United States, and **REMAND** the case for entry of a judgment dismissing that claim with prejudice for failure to state a claim upon which relief may be granted.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[6] Torres argues that this standard unfairly requires her to have evaluated the adequacy of her medical care while she was too severely ill to do so. Of course, it does nothing of the sort. The accrual date is not a date on which a plaintiff is required to do anything; it merely starts the running of a two-year period during which she has ample time to ponder her situation, consult counsel, and determine with the assistance of legal and medical experts whether a claim should be filed. Torres was fully able to do that within a few months after the accrual date, and she has not argued on appeal that her incapacity was so severe or long-lasting as to warrant equitable tolling of the limitations period.