WENDY NOTO, Plaintiff, v ST. VINCENT'S HOSPITAL AND MEDI-
CAL CENTER OF NEW YORK et al., Defendants.

Supreme Court, New York County, December 28, 1988

### APPEARANCES OF COUNSEL

*Curtis & Riess-Curtis* for Joseph Vittorio, defendant. *Costello & Shea* for St. Vincent's Hospital and Medical Center of New York, defendant. *Lipsig, Sullivan & Liapakis* for plaintiff.

### OPINION OF THE COURT

MICHAEL J. DONTZIN, J.

The defendant, Dr. Joseph Vittorio, moves and the codefendant, St. Vincent's Hospital (St. Vincent's), cross-moves to dismiss the complaint on the grounds that it fails to state a cause of action (CPLR 3211 [a] [7]). The plaintiff cross-moves for summary judgment (CPLR 3212).

The plaintiff's cross motion for summary judgment must be denied as premature. "A motion for summary judgment

may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to". *(City of Rochester v Chiarella,* 65 NY2d 92, 101.)

This case presents two questions of first impression. The first relates to the civil liability of a psychiatrist who engages in sexual conduct with a patient subsequent to the termination of therapy. The second relates to the liability of a hospital for the sexual misconduct of one of its employees.

Briefly stated, the plaintiff claims that she voluntarily entered St. Vincent's in September of 1987 for treatment for depression, drug and alcohol dependency and "seductive behavior". During her stay she came under the care of Dr. Vittorio, who was doing a postgraduate psychiatric residency at St. Vincent's. In the course of treatment, plaintiff claims that a close, but not intimate relationship developed which continued after Dr. Vittorio rotated to a different unit. Subsequent to her discharge from the hospital, plaintiff claims that she and Dr. Vittorio entered into a personal relationship in which they drank alcohol, smoked marihuana and had several sexual encounters. She claims they went on for a month or so until she terminated their relationship.

Dr. Vittorio, in an affidavit in support of his motion to dismiss, does not deny that he had an "affair" with Ms. Noto, but sets forth in chronological order their physician-patient relationship in order to establish that there was no physician-patient relationship at the time that plaintiff claims they were lovers. In short, he maintains that this was no different than any typical transitory young adult "affair". Thus, argues Dr. Vittorio, there was no "malpractice" upon which to predicate civil liability.

The defendant, St. Vincent's, seeks a dismissal on the grounds that the defendant Vittorio's activities were outside the scope of his employment and therefore St. Vincent's cannot be held liable for Dr. Vittorio's acts.

The complaint alleges three causes of action. The first, for the intentional infliction of emotional distress. The second, sounding in medical malpractice and the third, for lack of informed consent. Plaintiff seeks to recover for the emotional damages sustained as a result of her relapse to alcohol and drug dependency and for being required to undergo an abortion to terminate the pregnancy that resulted from her "affair" with Dr. Vittorio.

In support of her claim and in opposition to the motion to

dismiss, Ms. Noto presents the affidavit of Dr. Victoria Sears, a physician and diplomate of the American Board of Psychiatry and Neurology, who states quite explicitly, that in her expert opinion, engaging in a sexual relationship with a patient or former patient is a departure from good and accepted psychiatric practice. Moreover, plaintiff claims that during her treatment at St. Vincent's, she and Dr. Vittorio discussed and made plans for establishing a sexual relationship after her release. Therefore, it is contended, the malpractice actually occurred or began while she was under Dr. Vittorio's treatment.

In considering a motion to dismiss, the pleadings should be liberally construed in a light favorable to the plaintiff *(Cohn v Lionel Corp.,* 21 NY2d 559), and the plaintiff should be given the benefit of every possible inference to sustain a viable cause of action *(Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459). Moreover, where there is a deficiency on the face of a complaint due to a lack of detailed pleadings, it is appropriate to consider the details of a plaintiff's affidavit, as was submitted here, for the limited purpose of sustaining a pleading against a motion to dismiss under CPLR 3211 (a) (7) *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *Ackerman v Vertical Club Corp.,* 94 AD2d 665).

The essence of an action for the intentional infliction of emotional distress is intentional or reckless conduct so shocking and outrageous that it exceeds all reasonable bounds of decency, and causes severe emotional distress *(see, Fischer v Maloney,* 43 NY2d 553).

The allegations, as contained in the pleadings, are to the effect that Dr. Vittorio, a psychiatrist with full knowledge of Ms. Noto's history of drug and alcohol dependency, seductive behavior and exhibitionist tendencies, "willfully, intentionally, wantonly, recklessly and maliciously" coerced her to drink alcohol and smoke marihuana and engage in sexual activity, which resulted in her relapse to alcohol and drug dependency. Furthermore, plaintiff alleges that the pregnancy that resulted from the relationship required that she undergo an abortion because of her substance abuse dependency and that this too resulted in severe emotional and physical damage. Dr. Vittorio, a trained psychiatrist, is presumed to reasonably have anticipated the dire consequences that could result from encouraging, much less "coercing", a substance-dependent person to drink alcohol and smoke marihuana. Similarly, he is presumed to know the consequences of planning an "affair"

with a patient, who, among other psychological problems, manifests "seductive behavior and exhibitionist tendencies". If under the circumstances here he committed the acts complained of, then the plaintiff has a viable cause of action for the infliction of intentional emotional distress.

The second cause of action for medical malpractice presents a question unique to this jurisdiction, namely, whether sexual relations with a patient after termination of a professional relationship (psychiatric) is actionable. At least two jurisdictions by statute have made such behavior actionable.

In 1987, the California Legislature created a cause of action for money damages against a psychotherapist for sexual contact, if the sexual act occurred within two years following the termination of therapy (Cal Civ Code § 43.93). In 1988, the State of Minnesota created a cause of action for sexual exploitation, where a psychotherapist engages in sexual contact with a former patient and the latter is either emotionally dependent on the therapist, or the sexual contact occurs by means of therapeutic deception (Minn Stat § 148A.01 *et seq.*). Under the Minnesota statute a former patient is defined as a person who has undergone psychotherapy within two years prior to the sexual contact. That some States recently have undertaken to make such conduct actionable is not surprising in light of recent studies which indicate that sex-related charges now rank eighth in the list of causes of malpractice actions against psychiatrists (Moisal, *Sins of the Secular Priesthood. Civil Liability for the Sexual Seduction of Patients,* 33 Med Trial Technique Q 440 [1987]).

■ While no similar statute has been enacted in New York to date, under the facts here, and taking into consideration Dr. Sears' affidavit, the complaint can fairly be viewed as analogous to a cause of action for medical malpractice based on the seduction of a patient *(see, Roy v Hartogs,* 85 Misc 2d 891 [App Term 1976]; *Vigilant Ins. Co. v Kambly,* 114 Mich App 683, 319 NW2d 382; *Aetna Life & Cas. Co. v McCabe,* 556 F Supp 1342 [ED Pa 1983]).

■ On its face, the complaint fails to state a cause of action for lack of informed consent. There is no claim here that the social and sexual relationship entered into between Dr. Vittorio and Ms. Noto was part of proposed "psychiatric treatment" *(see,* Public Health Law § 2805-d).

The plaintiff seeks to hold St. Vincent's liable for the acts of Dr. Vittorio based on the doctrine of respondeat superior. The

issue here is whether St. Vincent's may be held to answer for the alleged sexual misconduct of a member of its medical staff, separate and apart from whether St. Vincent's can be held liable for the negligent hiring, training or supervision of its medical staff. *(See, Andrews v United States,* 732 F2d 366 [4th Cir 1984]; *Simmons v United States,* 805 F2d 1363 [9th Cir 1986]; *Inderbitzen v Lane Hosp.,* 124 Cal App 462, 12 P2d 744, *hearing denied* 124 Cal App 462, 13 P2d 905; *Cosgrove v Lawrence,* 215 NJ Super 561, 522 A2d 483.)

An employer can be held vicariously liable for the tortious conduct of an employee if the tortious conduct of the employee is in furtherance of the employer's business and is within the scope of the employee's authority *(Sauter v New York Tribune,* 305 NY 442). This general rule also encompasses " 'any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute' " of an act in the furtherance of the employer's business *(Riviello v Waldron,* 47 NY2d 297, 303).

 It is clear, even assuming the allegations of the complaint to be true, that Dr. Vittorio was not acting in the furtherance of the business of St. Vincent's but rather in the furtherance of his own personal affairs. Moreover, his complained of actions clearly exceeded any authority granted to him, nor could they be assumed to be a natural incident of his employment or duties. (It should be noted that there is no claim here that the acts complained were some form of "unorthodox" psychotherapy.) The conclusion that the complaint fails to state a cause of action for medical malpractice against St. Vincent's as a matter of law comports with the decisional law of other jurisdictions *(see, Cosgrove v Lawrence,* 214 NJ Super 670, 520 A2d 844; *Hoover v University of Chicago Hosp.,* 51 Ill App 3d 263, 366 NE2d 925 [1977]; *Taylor v Doctors Hosp.,* 21 Ohio App 3d 154, 486 NE2d 1249 [1985]; *Andrews v United States, supra; Doe v United States,* 769 F2d 174 [4th Cir 1985]).

Defendant Dr. Vittorio's motion to dismiss the complaint is granted only to the extent that the third cause of action (lack of informed consent) is dismissed, otherwise denied.

Defendant St. Vincent's motion to dismiss the complaint as to it is granted in all respects.

Plaintiff's motion for summary judgment is denied as premature, with leave to renew under appropriate circumstances.