■ WENDY NOTO, Appellant-Respondent, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Respondent, and JOSEPH VITTORIO, Respondent-Appellant.—Order, Supreme Court, New York County (Michael Dontzin, J.), entered on or about January 10, 1989, which granted defendant Vittorio's motion to dismiss the complaint only to the extent of dismissing the cause of action sounding in lack of informed consent, denied plaintiff's motion for summary judgment as premature, and granted defendant St. Vincent's Hospital's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant Vittorio, who treated plaintiff as her attending psychiatrist while she was an inpatient at defendant St. Vincent's Hospital, engaged in sexual relations with plaintiff after she had been discharged, and after he had ceased treating plaintiff as his patient. Plaintiff allegedly became pregnant during this brief affair and underwent an abortion. She subsequently commenced this action against both Dr. Vittorio and the hospital, asserting causes of action sounding in intentional infliction of emotional distress, medical malpractice, and lack of informed consent.

We agree with the IAS court that, on the facts presented, there is no cause of action for lack of informed consent, because the alleged sexual liaison was not a treatment or diagnosis, nor could the defendant hospital be held liable to plaintiff on a theory of respondeat superior. (See, *Noto v St. Vincent's Hosp. & Med. Center*, 142 Misc 2d 292.) That a hospital is not responsible under the doctrine of respondeat

superior for sexual relations between professional employees and patients accords with the prevailing weight of authority in other jurisdictions (see, e.g., Andrews v United States, 732 F2d 366, affg 548 F Supp 603; Cosgrove v Lawrence, 215 NJ Super 561, 522 A2d 483), as well as the law in this State, which requires that for the doctrine to apply, the acts complained of be within the scope of employment and in furtherance of the employer's business. (Cornell v State of New York, 46 NY2d 1032; Heindel v Bowery Sav. Bank, 138 AD2d 787.)

Since the IAS court improperly characterized the cross motion of defendant St. Vincent's as a motion to dismiss pursuant to CPLR 3211, when in fact the motion was for summary judgment pursuant to CPLR 3212, it did not address the issue raised by plaintiff as to whether liability against the defendant hospital could be based upon negligence in training or supervising defendant Vittorio. Upon our consideration of that issue, we find that plaintiff failed to allege facts on which the existence of a viable claim in this regard could be predicated. Accordingly, summary judgment in favor of St. Vincent's Hospital should be affirmed. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.