■ RICHARD KOREN, as Administrator of the Estate of PAMELA J. KOREN, Deceased, Respondent, v JOHN WEIHS et al., Defendants, and ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Appellant.—Order, Supreme Court, New York County (Eve M. Preminger, J.), entered September 27, 1990, which granted the motion by defendant St. Luke's-Roosevelt Hospital Center for reargument, and upon reargument adhered to the court's earlier determination denying defendant's motion to dismiss plaintiff's fifth and sixth causes of action, unanimously reversed, on the law, without costs, the motion is granted, and the fifth and sixth causes of action are dismissed as against the defendant St. Luke's.

Plaintiff's decedent (hereafter "plaintiff") brought the instant action seeking recovery for psychological damages allegedly suffered as a result of a sexual relationship with her therapist, defendant John Weihs, M.D., who at the time was employed by defendant-appellant St. Luke's-Roosevelt Hospital Center ("the hospital"). Plaintiff had undergone psychotherapy for depression and emotional problems as an outpatient at the hospital from September 13, 1986 through March 12, 1987, the date that her treatment was officially terminated. As a third-year resident, Dr. Weihs was authorized to render individual psychotherapy solely at the hospital's facilities and under the hospital's supervision. Nevertheless, Dr. Weihs allegedly continued to "treat" her at his home through July 1987 by engaging in sexual intercourse, which he allegedly told her was sex therapy, and other equally questionable conduct.

Plaintiff commenced the instant action by filing a summons with the New York County Clerk on September 20, 1989 (CPLR 203). As here pertinent, the hospital moved to dismiss the fifth and sixth causes of action alleging medical malpractice based on Dr. Weihs' "treatment" subsequent to March 12, 1987, on the ground that those causes of action were time-barred under the two years and six months Statute of Limitations for medical malpractice (CPLR 214-a). Plaintiff opposed the motion, arguing that Dr. Weihs' conduct subsequent to the official termination of her outpatient treatment at the hospital constituted a continuous course of treatment through July of 1987, thereby making service on the hospital timely. The IAS Court held that, assuming the truth of the allegations made on the motion to dismiss, the acts of Dr. Weihs may be imputed to the hospital as continuous treatment which tolled the running of the Statute of Limitations. We disagree.

In *Noto v St. Vincent's Hosp. & Med. Ctr.* (160 AD2d 656, 656-657, *lv denied* 76 NY2d 714) we held, on facts virtually

indistinguishable from those presented herein: "[T]here is no cause of action for lack of informed consent, because the alleged sexual liaison was not a treatment or diagnosis, nor could the defendant hospital be held liable to plaintiff on a theory of respondeat superior. *(See, Noto v St. Vincent's Hosp. & Med. Center,* 142 Misc 2d 292.)* That a hospital is not responsible under the doctrine of respondeat superior for sexual relations between professional employees and patients accords with the prevailing weight of authority in other jurisdictions *(see, e.g., Andrews v United States,* 732 F2d 366, *affg* 548 F Supp 603; *Cosgrove v Lawrence,* 215 NJ Super 561, 522 A2d 483), as well as the law in this State, which requires that for the doctrine to apply, the acts complained of be within the scope of employment and in furtherance of the employer's business. *(Cornell v State of New York,* 46 NY2d 1032; *Heindel v Bowery Sav. Bank,* 138 AD2d 787.)"

Although in the instant case it is claimed that Dr. Weihs represented to the plaintiff that the sexual relations were some sort of sex therapy, a factor not presented in *Noto (supra),* it is nevertheless clear that Dr. Weihs' conduct, which allegedly included inducing plaintiff to ingest alcohol, marijuana and other controlled or illegal substances, and injecting plaintiff with drugs to make intercourse less painful, was not within the scope of his employment and in furtherance of the hospital's business. This conclusion is buttressed by the circumstance that plaintiff was officially discharged by the hospital as an outpatient on March 12, 1987, and that Dr. Weihs was authorized to render psychotherapy solely at the hospital's facilities and under the hospital's supervision. Accordingly, Dr. Weihs' conduct subsequent to the plaintiff's discharge, which occurred off the hospital's premises, as a matter of law did not constitute continuous medical treatment which might be imputed to the hospital under the doctrine of respondeat superior so as to toll the running of the Statute of Limitations with regard to the action against the hospital. Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.