■ TERRI L. MARPE, Appellant-Respondent, v PAUL DOL-METSCH et al., Respondents-Appellants. [667 NYS2d 463] —Carpinello, J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered November 18, 1996 in Rensselaer County, which partially granted plaintiff's motion for leave to amend the complaint.

While employed as a medical records coordinator and receptionist at defendant Capital Area Community Health Plan (hereinafter CHP), plaintiff received counseling from defendant Paul Dolmetsch, a psychiatric social worker at CHP. According to plaintiff, in addition to being her personal therapist, Dolmetsch was also her supervisor. After Dolmetsch allegedly engaged in sexual intercourse with plaintiff during the course of their therapeutic relationship and subsequently subjected her to sexual harassment, plaintiff commenced this action against him and CHP. Six of the seven causes of action in the original complaint—sexual harassment and discrimination, negligent and intentional infliction of emotional distress, prima facie tort, battery and assault—are alleged against Dolmetsch. Two causes of action—sexual harassment and discrimination and vicarious liability—are alleged against CHP. In May 1996, plaintiff sought leave to amend her complaint to add an eighth cause of action against Dolmetsch alleging medical malpractice and a ninth cause of action against CHP alleging negligent supervision.* Supreme Court granted plaintiff permission to amend the complaint to add the eighth cause of action, but denied permission to add the ninth cause of action. These cross appeals ensued.

We affirm. The medical malpractice cause of action is based on plaintiff and Dolmetsch's therapeutic relationship, during the course of which it is alleged that they engaged in sexual intercourse. Regardless of the fact that plaintiff has apparently changed her characterization of this sexual relationship from a nonconsensual one to infatuation precipitated by manipulation of the "transference phenomenon" in the midst of a professional relationship, the pertinent underlying factual allegations were clearly referred to on numerous occasions in the original complaint. Thus, we are satisfied that this claim relates back to transactions of which the original complaint gave

---

* Notwithstanding references to "defendants" in the proposed eighth cause of action, plaintiff, in her reply brief, acknowledges that this cause of action is asserted against Dolmetsch only.

notice (*see,* CPLR 203 [f]; *cf., Jolly v Russell,* 203 AD2d 527). We are similarly satisfied that the motion was sufficiently supported by an affidavit of merit from a medical expert (*cf., Sober v Kalina,* 208 AD2d 1140).

With respect to the proposed ninth cause of action, plaintiff did not make any evidentiary showing to demonstrate its merit (*see, e.g., Taylor v Dyer,* 190 AD2d 902, 903-904; *Mathiesen v Mead,* 168 AD2d 736, 737); thus, it was properly denied. Although plaintiff argues that the theory of negligent supervision flows logically from the facts of this case, we decline to make such an enormous factual and legal leap. Simply put, motions to amend "are by no means to be granted simply for the asking" (*Dodge v Victory Mkts.,* 199 AD2d 917, 920) and we cannot find that Supreme Court abused its considerable discretion in the denial of the request to add the ninth cause of action (*see generally, Wise v Greenwald,* 194 AD2d 850, 851).

In light of the above findings, we need not, and specifically do not, reach the parties' remaining points.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.