■ TERRI L. MARPE, Appellant, v PAUL DOLMETSCH, Defendant, and CAPITAL AREA COMMUNITY HEALTH PLAN, Respondent. [720 NYS2d 611] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 4, 1999 in Rensselaer County, which, *inter alia,* granted a motion by defendant Capital Area Community Health Plan for summary judgment dismissing the complaint against it.

Plaintiff began her employment as a secretary with defendant Capital Area Community Health Plan (hereinafter CHP) in its Bennington, Vermont office in 1988. Almost immediately thereafter, she began treating regularly with defendant Paul Dolmetsch, a psychiatric social worker, who was also employed at CHP's Bennington office. By 1992, plaintiff's position at CHP evolved to medical records coordinator and receptionist, making her responsible for scheduling all patient appointments with the mental health providers at the Bennington office, including Dolmetsch. Plaintiff's counseling sessions with Dolmetsch continued without significant incident until August 1993, when Dolmetsch himself began to exhibit signs of mental illness.

The record indicates that on August 3, 1993, in response to his behavior, Dolmetsch's supervisor at CHP advised plaintiff that Dolmetsch was going to be taking a leave of absence from work and that all of his patient appointments would have to be rescheduled. That same evening, Dolmetsch telephoned plaintiff and asked if he could come to her home. Plaintiff consented and after Dolmetsch arrived, in response to his request, plaintiff asked her boyfriend to leave. The two ultimately engaged in sexual intercourse that night. Although

plaintiff testified at examinations before trial that Dolmetsch did not force her to have sex with him, she claimed that it was nevertheless nonconsensual because "emotionally [she] couldn't have said no." Less than two weeks later, while Dolmetsch was still on his leave of absence, the two went swimming together while each was stripped down to their underwear. Plaintiff admitted that neither incident was initiated by Dolmetsch for therapeutic purposes.

In 1994, plaintiff commenced this action against Dolmetsch and CHP asserting a number of claims against Dolmetsch (sexual harassment and discrimination, prima facie tort, negligent and intentional infliction of emotional distress and assault and battery) and two claims against CHP (sexual harassment and discrimination and vicarious liability for Dolmetsch's tortious conduct). Subsequently, plaintiff sought leave to amend her complaint to add causes of action for malpractice and negligent supervision. This Court affirmed Supreme Court's order permitting the addition of a malpractice cause of action but denying the addition of a negligent supervision cause of action (246 AD2d 723). On the instant appeal, plaintiff seeks review of Supreme Court's dismissal of the complaint in its entirety as against CHP.

In the proceedings below, plaintiff offered no opposition to that portion of CHP's motion seeking dismissal of all causes of action asserted against it which were predicated on Dolmetsch's intentional conduct. Instead, plaintiff opposed CHP's motion by cross-moving for summary judgment in her favor against CHP based on Dolmetsch's alleged negligent psychotherapeutic treatment,* negligent infliction of emotional distress and CHP's "vicarious liability" for Dolmetsch's negligent conduct. Regardless of the stated theory of liability, because the allegedly offending conduct occurred during nonworking hours, off the CHP premises and after Dolmetsch had been precluded from treating patients, Dolmetsch's conduct was clearly not within the scope of his employment such that CHP can have any liability for same (*see, Koren v Weihs*, 190 AD2d 560, 561; *Noto v St. Vincent's Hosp. & Med. Ctr.*, 160 AD2d 656, 656-657, *lv denied* 76 NY2d 714). Whatever the wisdom of permitting employees to be treated for psychotherapy

---

* Although we previously held that plaintiff's amended complaint asserting a cause of action in malpractice was asserted against Dolmetsch *only* (246 AD2d 723, *supra*), plaintiff argues on appeal that she did not intend to abandon her claim that the malpractice cause of action was asserted against *both* Dolmetsch and CHP. Since we find the malpractice cause of action against CHP to be legally insufficient in any event, we deal with the argument on the merits.

by fellow employees, we cannot accept plaintiff's argument that the sexual encounters between Dolmetsch and herself were "invited" by or a "natural consequence" of this relationship. Moreover, there is no hint in this record that CHP, as Dolmetsch's employer, could have reasonably anticipated his inappropriate conduct and abuse of his professional relationship with plaintiff (see, *Riviello v Waldron*, 47 NY2d 297, 304; see also, *Dykes v McRoberts Protective Agency*, 256 AD2d 2).

Peters, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.