**UNITED STATES of America,
Defendant–Appellee,**

v.

**Larry TOMSCHA, Plaintiff–Appellant.**

**Docket No. 04–5873.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2005.

Larry Tomscha, New York, NY, for Appellant, pro se.

Richard E. Rosberger, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: MESKILL, CABRANES Circuit Judges, and MUKASEY District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Larry Tomscha appeals from a judgment of the District Court entered on August 25, 2004, granting the Government's motion to substitute the United States for the previously named defendant, Allen Greenberg, under 28 U.S.C. § 2679(d)(2) and dismissing Tomscha's libel suit for lack of subject matter jurisdiction in accordance with the doctrine of sovereign immunity.

On appeal, Tomscha principally alleges that the District Court erred in finding that Greenberg—an employee of the federal government's General Services Administration ("GSA")—acted within the scope of his employment when he wrote and electronically transmitted a memorandum to certain co-workers and subordinates describing, in an allegedly defamatory manner, the negotiating tactics of the American Federation of Government Employees Local 2431 ("the Union"), a labor organization then under the leadership Tomscha

---

* The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

which had been involved in ongoing discussions with GSA management concerning the payment of annual performance awards.

We review the District Court's factual findings for clear error and its legal conclusions *de novo. Makarova v. United States,* 201 F.3d 110 (2d Cir.2000) (stating standard of review where complaint dismissed for lack of subject matter jurisdiction).

A district court conducts a *de novo* review of a 28 U.S.C. § 2679(d) certification by the Attorney General (or his designee) if a plaintiff "allege[s] with particularity facts relevant to the scope-of-employment issue." *McHugh v. Univ. of Vermont,* 966 F.2d 67, 72–74 (2d Cir.1992); *see also Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 436–37, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). In conducting such review, a district court applies state-law principles pertaining to when tortious conduct falls within the scope of a party's employment. *See McHugh,* 966 F.2d at 75; *Cronin v. Hertz Corp.,* 818 F.2d 1064, 1065 (2d Cir. 1987). Under New York law, an employee's tortious acts fall within the scope of his employment if "done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Riviello v. Waldron,* 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979) (internal quotation marks omitted). Five factors are particularly relevant to such a determination:

▪ the connection between the time, place and occasion for the act, [2] the history of the relationship between employer and employee as spelled out in actual practice, [3] whether the act is one commonly done by such an employee, [4] the extent [to which the act] depart[s] from normal methods of performance, and [5] whether the specific act was one that the employer could reasonably have anticipated.

*Id.* at 303, 391 N.E.2d 1278.

Substantially for the reasons stated by the District Court in its Opinion and Order dated August 20, 2004, we hold that Greenberg's conduct fell within the scope of his federal employment. Accordingly, we hold that District Court properly substituted the United States as the defendant in this suit and subsequently dismissed Tomscha's claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2680(h) (explicitly excluding claims of libel from waiver of sovereign immunity).

\* \* \* \* \* \*

We have considered all of Tomscha's arguments and have found each of them to be without merit. The judgment of the District Court is therefore **AFFIRMED.**