**Kenneth ZERANTI, Plaintiff,**

**v.**

**UNITED STATES of America and Erica L. Sargent, Ph.D., Defendants.**

**1:15–CV–00488 EAW**

United States District Court, W.D. New York.

Signed March 7, 2016

Donald W. O'Brien, Jr., Woods, Oviatt, Gilman, LLP, Rochester, NY, for Plaintiff.

Michael S. Cerrone, U.S. Attorney's Office, Buffalo, NY, Mark G. Farrell, Law Offices of Mark G. Farrell & Associates, Williamsville, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

Plaintiff Kenneth Zeranti ("Plaintiff") brings this Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, action against defendants United States of America and Erica L. Sargent, Ph.D., alleging the parties' negligence caused him "permanent or long-standing emotional harm." (Dkt.1). Specifically, Plaintiff claims that Dr. Sargent, Plaintiffs psychotherapist at the Veterans Administration Hospital in Buffalo, New York ("VA"), engaged in a sexual, intimate relationship with Plaintiff, and then terminated the relationship "in an abrupt manner," causing Plaintiff to suffer "severe and debilitating depression." (*Id.* at ¶¶ 7–12).

Presently before the Court is the motion to dismiss brought by defendant United States of America ("Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt.5). Defendant seeks dismissal of the two causes of action asserted by Plaintiff against Defendant: (1) a claim for vicarious liability based upon Dr. Sargent's negligence; and (2) a claim for negligent supervision and/or retention. For the following reasons, Defendant's motion is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff claims to be a disabled veteran who receives social security disability benefits and Medicare as a result of his "longstanding diagnosis of dysthymia and generalized anxiety disorder." (Dkt. 1 at ¶ 5). As of October 13, 2011, Plaintiff was a patient at the VA Hospital in Buffalo, New York. (*Id.* at ¶ 4). Prior to that date, Plaintiff's therapist at the VA was a clinical psychologist named Eddie Venzor, Ph.D. (*Id.* at ¶ 6). On October 13, 2011, Plaintiff began treating with Dr. Sargent, and he continued to treat with Dr. Sargent until late May 2013. (*Id.* at ¶ 7).

According to Plaintiff, in February 2013, he and Dr. Sargent became "physically intimate." (*Id.* at ¶ 9). Plaintiff claims he had sexual intercourse with Dr. Sargent. (*Id.* at ¶ 10). Plaintiff also alleges Dr. Sargent "spoke to Plaintiff in terms of a long-term relationship with him," introducing Plaintiff to her daughters and making plans with Plaintiff to visit her family out-of-state. (*Id.*). Plaintiff claims he became emotionally and physically dependent upon Dr. Sargent because of her "mismanagement of the psychotherapist-patient relationship" or the "transference phenomenon." (*Id.* at ¶¶ 8–12).

Plaintiff alleges that, after mismanaging the "transference phenomenon" and commencing an "intimate personal relationship," Dr. Sargent then terminated the relationship "without warning and in an abrupt manner," causing Plaintiff to experience a "profound feeling of abandonment" and to suffer from "severe and debilitating depression" leading to "an emotional tailspin" and "a physically draining and unrelenting psychological downturn." (*Id.* at ¶¶ 11–12). Plaintiff claims to suffer "significant emotional and psychological injuries, including serious exacerbation of his preexisting dysthymia and generalized anxiety disorder." (*Id.* at ¶ 21).

Plaintiff alleges that Dr. Sargent was acting within the scope of her employment with Defendant "[a]t all times during her treatment of the Plaintiff, including the point at which the relationship became intimate and at the time the relationship was terminated." (*Id.* at ¶ 13).

On July 15, 2014, Plaintiff submitted a claim to the Department of Veterans Affairs. (*Id.* at ¶ 14). This claim was rejected on May 6, 2015. (*Id.* at ¶ 15).

Plaintiff commenced this action on June 4, 2015. (*Id.*). On August 13, 2015, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Dkt.5). Plaintiff fded opposition papers on September 4, 2015. (Dkt.8). On September 14, 2015, Plaintiff fded an affidavit of Dr. Sargent in further opposition to the pending motion to dismiss. (Dkt.10). Defendant fded reply papers on September 25, 2015. (Dkt.11). The Court held oral argument on the motion on December 15, 2015, and reserved decision. (Dkt.13). Dr. Sargent formally appeared in this case on December 29, 2015, by filing an answer and cross-claim against Defendant. (Dkt.14).

## DISCUSSION

### I. First Cause of Action—Vicarious Liability for Dr. Sargent's Negligence

■ Defendant seeks dismissal of the first cause of action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), based upon the argument that Dr. Sargent was not acting within the scope of her employment when she engaged in sexual relations with Plaintiff and, therefore, Defendant may not be held liable under the FTCA. (Dkt. 6 at 4–8).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that the court retains jurisdiction." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). "[T]he district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evi-

dence that it exists." *Luckett v. Bure,* 290 F.3d 493, 496–97 (2d Cir.2002). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 289 F.Supp.2d 392, 399 (S.D.N.Y.2003), *aff'd,* 249 Fed.Appx. 851 (2d Cir.2007). "The court may consider affidavits and other materials beyond the pleadings but cannot rely on conclusory or hearsay statements contained in the affidavits." *Young v. United States,* No. 12–CV–2342 ARR SG, 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quotation omitted).

■ The "United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quotation omitted). Under the FTCA, the United States has provided a limited waiver of sovereign immunity for claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment. 28 U.S.C. § 1346(b). "For there to be liability, the employee's act must have taken place 'while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Rosse v. United States,* 110 F.Supp.3d 415, 421 (N.D.N.Y.2015) (quoting 28 U.S.C. § 1346(b)(1)). In other words, if the federal employee was acting outside the scope of his or her employment, then the FTCA does not apply and

the Court does not have jurisdiction over a vicarious liability claim asserted against the United States for its employee's negligence.

Here, the parties contest whether Dr. Sargent was acting within the scope of her employment with the VA. "In determining whether an employee was acting within the scope of employment, the court must look to the law of the state in which the conduct occurred." *Reynolds v. United States*, 927 F.Supp. 91, 94 n. 4 (W.D.N.Y.1996). There is no dispute that the alleged negligence occurred in the State of New York and that New York tort law applies in this instance. (Dkt. 6 at 5–6).

"Under New York law, an employee's tortious acts fall within the scope of his employment if 'done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.'" *United States v. Tomscha*, 150 Fed.Appx. 18, 19 (2d Cir.2005) (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979)). On the other hand, conduct falls outside the scope of employment if done "solely for personal motives unrelated to the furtherance of the employee's business." *Catania v. Herbst*, 916 F.Supp.2d 266, 272 (E.D.N.Y.2013) (quotation omitted); *see also Galvani v. Nassau Cnty. Police Indemnification Review Bd.*, 242 A.D.2d 64, 68, 674 N.Y.S.2d 690 (2d Dep't 1998) ("An employer will not be held liable ... for actions which were not taken in furtherance of the employer's interest and which were undertaken by the employee for wholly personal motives."). Under New York law, the scope of employment analysis considers five factors:

the connection between the time, place and occasion for the act; [2] the history of the relationship between employer and employee as spelled out in actual practice; [3] whether the act is one commonly done by such an employee; [4] the extent to which the act departs from normal methods of performance; and [5] whether the specific act was one that the employer could reasonably have anticipated.

*Riviello*, 47 N.Y.2d at 303, 418 N.Y.S.2d 300, 391 N.E.2d 1278.

Defendant contends that, as a matter of law, the conduct of Dr. Sargent—engaging in a sexual relationship with her psychotherapist patient—cannot fall within the scope of employment. Defendant correctly argues that New York courts have consistently rejected claims that sexual assaults "do not further an employer's business, even when committed within the employment context," *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 531 (S.D.N.Y.1998), and accordingly, an employer will not be held vicariously liable for its employee's tortious behavior. *See Adorno v. Corr. Servs. Corp.*, 312 F.Supp.2d 505, 516–18 (S.D.N.Y.2004) (no vicarious liability for employer of Resident Advocate that sexually abused resident inmates); *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251, 739 N.Y.S.2d 348, 765 N.E.2d 844 (2002) ("A sexual assault perpetrated by a hospital employee is not in furtherance of hospital business and is a clear departure from the scope of employment, having been committed for wholly personal motives"); *Joshua S. v. Casey*, 206 A.D.2d 839, 839, 615 N.Y.S.2d 200 (4th Dep't 1994) (holding a priest's sexual abuse of a child was, as a matter of law, not within the scope of employment); *Kirkman v. Astoria Gen. Hosp.*, 204 A.D.2d 401, 402, 611 N.Y.S.2d 615 (2d Dep't 1994) (employee security guard had acted for wholly personal motives when he raped a customer, and therefore employer was not vicariously liable).

However, in the present case, Plaintiff is not alleging that Dr. Sargent engaged in a sexual assault. Rather, he is alleging that

she engaged in malpractice/negligence by mismanaging the transference phenomenon, commencing intimate sexual contact, and then abruptly ending the relationship.

Neither party has cited a case under New York law that has recognized a plaintiffs right to pursue vicarious liability claims against the psychotherapist's employer for this type of conduct, and the Court's own independent research has not revealed any such case. Rather, as Defendant correctly points out, New York courts have consistently rejected claims that sexual misconduct falls within the scope of an employer's business so as to create vicarious liability on the part of the employer, even in the context of a patient-psychotherapist relationship. (Dkt. 6 at 7–8). However, a careful analysis of the cases relied upon by Defendant reveals that, in all instances, the sexual relationship occurred off the employer's premises and after the psychotherapist relationship had ended. (Id. at 6–8).

In Marpe v. Dolmetsch, 280 A.D.2d 795, 720 N.Y.S.2d 611 (3d Dep't 2001), the Appellate Division affirmed the grant of summary judgment in favor of the employer of a psychiatric social worker based upon the finding that there was no genuine issue of material fact that the sexual acts did not occur within the scope of employment because "the allegedly offending conduct occurred during nonworking hours, off the [employer's] ... premises and after [the psychiatric social worker] ... had been precluded from treating patients ..." Id. at 796, 720 N.Y.S.2d 611.

Similarly, in Koren v. Weihs, 190 A.D.2d 560, 593 N.Y.S.2d 222 (1st Dep't 1993), the Appellate Division reversed the trial court's denial of a motion to dismiss brought by the defendant hospital on statute of limitations grounds, finding that a resident's continued "treatment" of the plaintiff with "sex therapy" at his home subsequent to the plaintiff's discharge from the hospital did not constitute continuous medical treatment which might be imputed to the hospital under the doctrine of respondeat superior so as to toll the running of the statute of limitations as to the hospital, particularly since the resident was only authorized to render psychotherapy at the hospital's facilities and under the hospital's supervision. Id. at 561, 593 N.Y.S.2d 222.

Finally, in Noto v. St. Vincent's Hosp., 160 A.D.2d 656, 559 N.Y.S.2d 510 (1st Dep't 1990), the Appellate Division affirmed the grant of summary judgment in favor of the defendant hospital, where the attending psychiatrist, who treated the plaintiff while she was an inpatient at the hospital, engaged in sexual relations with the plaintiff after she had been discharged and after he had ceased treating her as his patient. Id. at 656, 559 N.Y.S.2d 510.

Here, in contrast, Plaintiff has submitted an affidavit establishing that the sexual relationship occurred while Dr. Sargent was continuing to treat Plaintiff, and some of the inappropriate conduct occurred on VA property in Dr. Sargent's office. (Dkt. 8–1 at ¶¶ 4, 9). Thus, the Court cannot conclude, as a matter of law, that simply because the alleged negligent conduct involved intimate sexual relations, Dr. Sargent was acting outside the scope of her employment. Rather, the resolution of that issue appears to be tied to the ultimate resolution of the merits of Plaintiff's claims—i.e. whether Dr. Sargent was providing treatment as a psychotherapist when she commenced sexual relations with Plaintiff and then abruptly ended the relationship.

"The Second Circuit recognizes that where the issue of subject matter jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, the court should use the standard applicable to a motion for summary judgment and dismiss for lack of jurisdic-

tion only where there are no triable issues of fact." *Hamm v. United States,* 439 F.Supp.2d 262, 263–64 (W.D.N.Y.2006), *aff'd,* 483 F.3d 135 (2d Cir.2007) (citing *London v. Polishook,* 189 F.3d 196, 198–99 (2d Cir.1999)). *See also Zink v. First Niagara Bank, N.A.,* 18 F.Supp.3d 363, 367 (W.D.N.Y.2014) (denying motion to dismiss for lack of diversity jurisdiction where conflicts of fact existed and required adequate discovery); *Porter v. United States,* No. 13 CIV. 7332(NRB), 2015 WL 1004953, at *3 (S.D.N.Y. Mar. 3, 2015) (denying Fed. R. Civ. P. 12(b)(1) motion to dismiss FTCA case where facts were in dispute). *Cf. Grace v. United States,* 754 F.Supp.2d 585, 598 n. 8 (W.D.N.Y.2010) (finding the question of jurisdiction was not intertwined with the merits where "the merits of Plaintiff's claim primarily involve the question of whether Boghani deviated from the standard of care, not whether she was an employee of the VA.").

Here, there are plainly issues of fact as to whether Dr. Sargent was acting within the scope of her employment. Indeed, certain aspects of Dr. Sargent's alleged conduct (such as introducing Plaintiff to her daughters and making plans to visit their family in another state (Dkt. 1 at ¶ 10)) likely falls outside the scope of her employment, but other aspects of Dr. Sargent's alleged conduct (such as mismanaging the transference phenomenon and abruptly terminating the counselling relationship, causing Plaintiff to suffer severe depression (*id.* at ¶¶ 8, 9, 12)) may fall within the scope of her employment.

At this stage of the proceedings, the Court cannot resolve these factual disputes. As a result, Defendant's motion to dismiss the first cause of action pursuant to Fed. R. Civ. P. 12(b)(1) is denied, although it is denied without prejudice subject to renewal upon the completion of discovery, particularly discovery concerning the scope of employment issues. *See* *Hamm,* 439 F.Supp.2d at 264 (resolving Fed. R. Civ. P. 12(b)(1) motion after completion of discovery concerning scope of employment).

## II. Second Cause of Action—Negligent Supervision and/or Retention

■ In his second cause of action, Plaintiff alleges that Dr. Sargent's supervisors knew or had reason to know of her inappropriate relations with Plaintiff and nevertheless failed to "make an effort to terminate the harmful relationship and/or minimize its consequences to Plaintiff." (Dkt. 1 at ¶¶ 24–29). Defendant argues this claim must be dismissed as a matter of law because Plaintiff has not alleged that Dr. Sargent previously engaged in sexual relations with patients or that the VA was aware of any such conduct. (Dkt. 6 at 8–10).

■ "Even where an employee does not act within the scope of his employment, 'an employer may be required to answer in damages for the tort of an employee against a third party when the employer has either hired or retained the employee with knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm.'" *Haybeck v. Prodigy Servs. Co.,* 944 F.Supp. 326, 332 (S.D.N.Y.1996) (quoting *Kirkman v. Astoria Gen. Hosp.,* 204 A.D.2d 401, 611 N.Y.S.2d 615 (2d Dep't 1994)).

■ "Under New York law, a plaintiff asserting a claim for negligent supervision must prove: (1) the tortfeasor and defendant were in an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the tortious conduct; and (3) the tort was committed on the employer's premises or with the employer's chattels." *Papelino v. Albany College of Pharmacy of Union Univ.,* 633 F.3d 81, 94 (2d Cir.2011).

Defendant seeks dismissal of this second cause of action pursuant to Fed. R. Civ. P.

12(b)(6), which means that the Court must accept "all factual allegations in the complaint and draw[ ] all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Here, Plaintiff has sufficiently alleged that Dr. Sargent's supervisors, professional colleagues, or other VA personnel knew or should have known of Dr. Sargent's intimate relationship with Plaintiff, and yet they took no steps to intervene. (Dkt. 1 at ¶¶ 25–28). Moreover, although the Court recognizes that Plaintiff may only prevail with such a claim if Dr. Sargent was acting outside the scope of her employment, *Velez v. City of New York*, 730 F.3d 128, 136–37 (2d Cir.2013), Plaintiff may pursue alternative theories of liability with his pleading. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims ... as it has, regardless of consistency."). As a result, Defendant's motion to dismiss the second cause of action is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt.5) is denied.

SO ORDERED.