SEA GATE BEACH CLUB CORP., Plaintiff,

v.

UNITED STATES of America, Defendant.

15 Civ. 2408 (ILG) (PK)

United States District Court, E.D. New York.

Signed June 3, 2016

Tiffany D. Frigenti, Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY, for Plaintiff.

## MEMORANDUM AND ORDER

GLASSER, Senior United States District Judge:

### INTRODUCTION

Plaintiff Sea Gate Beach Club Corporation brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680 (2006), for trespass and nuisance against the United States Army Corps of Engineers ("USACE"). Plaintiff's claims arise from the construction incident to the Coney Island shoreline reconstruction project, which closed the beach for all recreational activity. Pending before the Court is Defendant's motion to dismiss all claims against it, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons described below, that motion is GRANTED.

### BACKGROUND

In 2013, Congress enacted the Disaster Relief Appropriations Act, Pub. L. N. 113–2, 127 Stat. 4, to fund disaster relief agencies, including those administering aid to communities affected by Hurricane Sandy. This funding was used, in part, for a project to reconstruct the Coney Island shoreline from West 37th Street in Brooklyn to Brighton Beach. The project, under the auspices of the USACE, involves building large structures in the water perpendicular to the beach, called T-groins, to prevent shoreline erosion.

Plaintiff Sea Gate Beach Club Corporation is a private beach club that charges its members to use beach property near West 37th Street. Plaintiff does not own the land, but leases it from the Sea Gate Association, which is a gated community. Plaintiff opens each year on Memorial Day weekend and closes on Labor Day.

In December 2014, Plaintiff met with representatives of the USACE to discuss details of that project. Also present at the meeting were representatives of H&L Contracting, LLC, who the USACE hired to construct the T-groins. Plaintiff agreed to allow the USACE and H&L access to its beach for construction of the T-groins, which began that same month.

In April 2015, Plaintiff's beach was still under construction. It would not be ready for recreational use by Memorial Day. On April 28, 2015, Plaintiff commenced an action in the Supreme Court of the State of New York, Kings County, via a verified complaint and a request for an order to show cause. Naming only H&L—not the USACE—as defendant, Plaintiff sought an order why defendants should not be "preliminarily enjoin[ed] ... from entering [its] property ... interfering ... with [ ] said property ... [and ordered to] remove all equipment, materials and debris located on said property[.]" (Order to Show Cause, *Sea Gate Beach Club Corp. v. H&L Contracting, LLC*, No. 505083/2015 (N.Y. Sup. Ct. Apr. 28, 2015), ECF No. 3-1.) It also asserted claims for trespass and nuisance. (See Verified Compl., *Sea Gate Beach Club Corp. v. H&L Contracting, LLC*, No. 505083/2015 (N.Y. Sup. Ct. Apr. 27, 2015), ECF No. 6-1.)

That same day, the USACE, by and through the United States Attorney's Office for the Eastern District of New York, removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), certifying that "th[e] action relates to acts performed by USACE's contractor under color of such office." (Notice of Removal ¶5, ECF No. 1.) Although the state court judge had signed Plaintiff's order to show cause, she stayed its efficacy pending removal; on May 6, 2015, this Court extended the stay. (See Order, *Sea Gate Beach Club Corp. v. H&L Contracting, LLC*, No. 15–2408 (E.D.N.Y. May 6, 2015), ECF No. 13.) The

parties subsequently stipulated to adding the USACE as a defendant. (See Stipulation and Order, ECF No. 14-1.)

On May 13 and 14, 2015, this Court conducted a hearing on Plaintiff's application for a preliminary injunction and temporary restraining order, noting that *"[f]or purposes of this proceeding,* this Court has jurisdiction over the Army Corps of Engineers." (Hr'g Tr. 3:8–10, Ex. 3 to Dec. of Robert P. Lynn, ECF No. 34-3) (emphasis added). On May 14, 2015, the parties reached a partial settlement by which Plaintiff could operate its club, albeit on a limited basis, while the USACE continued construction. In light of the settlement, ruling on Plaintiff's TRO was mooted.

Nothing was heard from the parties until February 2016, when Plaintiff informed the Court that it "intend[ed] to litigate the remainder of its tort claims." (Letter from Sea Gate dated Feb. 24, 2016, ECF No. 24.) Responding by letter, the USACE requested that it be substituted for H&L as "the only defendant and interested party" pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 2679(d)(2). (Letter from USACE dated Feb. 25, 2016, at 2, ECF No. 25.) On February 26, 2016, the USACE's request to substitute parties was granted. (See Order, Sea Gate Beach Club Corp. v. H&L Contracting, LLC, No. 15-2408 (E.D.N.Y. Feb. 25, 2016), ECF No. 26.)

Defendant now moves for dismissal of all claims against it under Rule 12(b)(1), Fed. R. Civ. P., or, alternatively, under Rule 12(b)(6). For the reasons described below, this Court does not have jurisdiction to hear Plaintiff's claims. Therefore, pursuant to Rule 12(b)(1), those claims must be dismissed.

## DISCUSSION

### A. Legal Standard

■ "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). In resolving a 12(b)(1) motion to dismiss, a district court "may refer to evidence outside the pleadings." Id. A plaintiff asserting jurisdiction bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Id.

### B. Statutory Framework of the Federal Tort Claims Act (FTCA)

■ The FTCA waives the sovereign immunity of the United States, so that it may be sued for "money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any [of its] employee[s] . . . acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver "cannot be implied; rather, it must be 'unequivocally expressed.'" Shabtai v. U.S. Dep't of Educ., No. 02 Civ. 8437, 2003 WL 21983025, at *6 (S.D.N.Y. Aug. 20, 2003) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). A claimant bringing an action against the United States must comply with the specific provisos of the FTCA.

One such provision, 28 U.S.C. § 2401(b), provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after . . . notice of final denial of the claim by the agency to which it was presented." See also 28 U.S.C. § 2675(a) ("An action shall not be

instituted upon a claim against the United States for injury or loss of property ... unless the claimant shall have first presented the claim to the appropriate Federal agency ... [.]"). Thus, § 2401(b) has two components: presentment and timeliness.

### 1. Presentment of an Administrative Claim

 The first component of § 2401(b) is the requirement that plaintiff present a claim to the appropriate federal agency before bringing an action. "Failure to comply with [presentment] results in dismissal of the suit." Foster v. Fed. Emergency Mgmt. Agency, 128 F.Supp.3d 717, 728 (E.D.N.Y.2015) (collecting cases). This requirement, also known as administrative exhaustion, is "jurisdictional, [ ] cannot be waived," and "extends to all suits, including those begun in state court." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir.2005); see also 28 U.S.C. § 2679(d)(4) (actions against the United States which begin in state court and are removed to the district court "shall proceed in the same manner as any action against the United States filed [in the district court] and shall be subject to the limitations and exceptions applicable to those actions").

 The claim must be in writing (see 28 U.S.C. § 2401(b)), and it must state a "sum certain" for damages sought. Adams by Adams v. U.S. Dep't of Hous. & Urban Dev., 807 F.2d 318, 320 (2d Cir.1986) ("We and other circuits have held, on various grounds, that the administrative filing prerequisites in § 2675 encompass a requirement that the request for damages in any administrative claim state a sum certain.") Aside from these conditions, the claim need not be presented in any particular format. See generally, Mora v. United States, 955 F.2d 156, 160 (2d Cir.1992); 55

Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F.Supp. 410, 416–18 (E.D.N.Y. 1994).

### 2. Timing of the Action

 The second component of 28 U.S.C. § 2401(b) is akin to a statute of limitations. See United States v. Kwai Fun Wong, —— U.S. ——, 135 S.Ct. 1625, 1632–33, 191 L.Ed.2d 533 (2015). The Supreme Court has recently held that this timing requirement is non-jurisdictional, observing that § 2401(b) " 'reads like an ordinary, run-of-the-mill statute of limitations' " in that it "spell[s] out a litigant's filing obligations without restricting a court's authority." Id. at 1633 (quoting Holland v. Florida, 560 U.S. 631, 647, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)). As such, it may be tolled for equitable reasons, if a plaintiff can show that it "pursued [its] rights diligently but some extraordinary circumstance prevent[ed] [it] from meeting a deadline." Id. at 1630–31 (quotation omitted).

A plaintiff who brings suit in state court without first filing an administrative claim because it is unaware of the government's involvement enjoys an additional timing safeguard. Though the action must still be dismissed, under 28 U.S.C. § 2679(d)(5), the plaintiff may "file an *administrative* claim within sixty days following the district court's dismissal, and her claim in federal court would be treated—for statute-of-limitations purposes—as if it had been filed on [ ] the date that the original suit was filed in state court." Celestine, 403 F.3d at 84 (emphasis in original). This eases the timing requirements when a defendant's federal status is not apparent, in effect tolling the statutory clock to give the plaintiff a chance to exhaust its administrative remedies.

### C. Subject Matter Jurisdiction

 To date, Plaintiff has not filed any administrative claim with any federal

agency. See Dec. of Connie M. McConahy ¶2, ECF No. 30-2.) Because it failed to comply with this jurisdictional, non-waivable requirement, the suit must be dismissed. See, e.g. Celestine, 403 F.3d at 82. Plaintiff, who has the burden to establish jurisdiction (see Makarova, 201 F.3d at 113), offers several reasons why the presentment requirement is inapplicable to this case. None are persuasive.

Plaintiff claims that it is "excused" from presentment because it "did not have reason to know that the government was the proper defendant[.]" (Pl.'s Mem. of Law in Opp. at 1, ECF No. 33-9.) Indeed, this theme—that Plaintiff did not know that H&L was a federal employee—appears throughout its brief. (See, e.g. id. at 11 ("The FTCA's administrative exhaustion requirements do not apply because the instant action was commenced in state court and at the time of commencement plaintiff was not aware that the independent contractor, H&L, was acting as an agent of the United States.").) These statements are belied by the record. Plaintiff's complaint repeatedly references the USACE and the Coney Island reconstruction project, alleging, for example, that "the USACE awarded a [ ] contract to defendant H&L for the construction at Sea Gate." (Compl. ¶19, Ex. A to Letter dated May 1, 2015, ECF No. 6-1.) It also details the negotiations and meeting between Plaintiff and the USACE in December 2014, after which Plaintiff consented to the USACE's access to the beach. (See id. ¶¶24–29.) Plaintiff clearly knew that H&L's work was at the behest of the USACE, for purposes of a federally-fund-

ed shoreline protection project. Any statements to the contrary are mistaken, if not disingenuous.

Plaintiff also argues that the jurisdictional requirements of § 2401(b) do not apply because the lawsuit is "the functional equivalent of a third party claim by H&L" and, therefore, falls under the "third party action" exception to the FTCA. (Pl.'s Mem. of Law in Opp. at 1, ECF No. 33-9.) Accordingly, Plaintiff contends, the USACE should not be able to "voluntarily intervene[ ]" in an action, remove it to this Court, and then hold Plaintiff accountable to the statutory requirements of § 2401(b). (Id.)

This argument mischaracterizes the relationships between the parties and the relevant legal framework. Once the United States Attorney alerted this Court that H&L was acting within the scope of its employment,[1] the USACE was obligated to intervene. See 28 U.S.C. § 2679(d)(1) ("the United States *shall be substituted* as the party defendant") (emphasis added); see also B & A Marine Co. v. Am. Foreign Shipping Co., 23 F.3d 709, 713 (2d Cir. 1994) ("To emphasize the exclusivity of the remedy against the United States under the FTCA, § 2679(d) requires that the United States be substituted as *the* party defendant . . . [.]") (emphasis in original). Moreover, the USACE is a clearly a "required party" who "claims an interest relating to the subject of the action" and whose "absence may . . . as a practical matter impair or impede the person's ability to protect the interest[.]" Fed. R. Civ. P. 19. And, it was within the Court's dis-

---

1. Statements in the Notice of Removal from the United States Attorney from the Eastern District of New York, a delegate of the Attorney General, that H&L was acting within the scope of its employment at the time of the incident out of which the claim arose, are sufficient to satisfy the requirements of 28 U.S.C. § 2679(d)(2). See, e.g. United States v. Tomscha, 150 Fed.Appx. 18, 19 (2d Cir.2005) (certification may be made by the Attorney General "or his designee"); Christophe v. United States, No. 15 Civ. 2766, 2015 WL 3795883, at *1 (E.D.N.Y. June 12, 2015).

cretion to drop H&L from the suit under Rule 21, Fed. R. Civ. P., which provides that "on its own, the court may at any time, on just terms, add or drop a party."

Lastly, Plaintiff argues that the presentment requirement does not apply because of Defendant's participation in the TRO hearing and the settlement reached last May. Plaintiff appears to argue that because Defendant removed that portion of the action to this Court's jurisdiction, it waived its sovereign immunity, and, in any event, presentment at that time would have been futile. (See Pl.'s Mem. of Law in Opp. at 14–15, ECF No. 33-9.)

It has already been noted that the presentment requirement is jurisdictional and non-waivable, and further discussion on that topic is unnecessary. Putting that aside (though it, alone, defeats Plaintiff's argument) Plaintiff omits to note that it *still* has not filed any administrative claim. This is true even though more than a year has passed since the TRO hearing, and since the need for emergency relief was mooted. Moreover, Plaintiff's "broad claim of futility," without any factual support, is "not sufficient to excuse [its] failure to comply with the FTCA's presentment requirement." Foster, 128 F.Supp.3d at 729.

In the alternative, if this Court determines that the presentment requirement does apply, Plaintiff argues that it has satisfied that condition. This is so, it contends, because the "USACE was well aware of the trespass claim before this action was even commenced, and if there was any doubt, USACE certainly became aware upon its receipt of the complaint more than a year ago." (Pl.'s Mem. of Law in Opp. at 1–2, ECF No. 33-9.) On this point, Plaintiff offers the affidavit of an engineer who corresponded with the USACE in April 2015 to discuss "alternatives that would allow [Plaintiff] to keep the Beach Club open during the summer

season[.]" (Aff. of Kevin J. Phillips ¶10, ECF No. 34-4.) It argues that this correspondence put the USACE on notice of Plaintiff's claims and satisfied any requirement under 28 U.S.C. § 2401(b). Plaintiff further asserts that "case law establishes that a copy of a complaint satisfies the presentment requirement." (Pl.'s Mem. of Law in Opp. at 2, ECF No. 33-9.)

Plaintiff misstates the law. None of the cases it relies on support the notion that a complaint, alone, satisfies the presentment requirement. Moreover, the emails between Plaintiff and the USACE do not suffice because they claim no sum certain (among other issues). Indeed, as far as this Court can tell, their only relevance is to further suggest that Plaintiff knew very well that the USACE was behind H&L's work.

In sum, none of Plaintiff's arguments are persuasive. Because Plaintiff did not comply with the presentment requirement of 28 U.S.C. § 2401(b), its claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### D. Leave to Amend

Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In this case, leave to amend would give Plaintiff an opportunity to exhaust its administrative remedies, while preserving the timeliness of its action under 28 U.S.C. § 2679(d)(5). But § 2679(d)(5) was designed to protect plaintiffs who "erroneously" sue in state court. Torres v. United States, 612 Fed.Appx. 37, 39, n. 4 (2d Cir.2015). See also Celestine, 403 F.3d at

83 (28 U.S.C. § 2679(d)(5) is designed to protect the "unwitting claimant" who "does not have reason to know that state court suit, in fact, lies only against the United States"). For all the reasons described above, Plaintiff does not fit this description. Accordingly § 2679(d)(5) is not available to it. Plaintiff's claims are dismissed with prejudice.

### E. Reconsideration

Finally, Plaintiff seeks reconsideration, presumably under Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P, of this Court's ruling dismissing defendant H&L from the action. As a starting matter, Plaintiff's request is untimely. Local Rule 6.3 provides that "a notice of motion for reconsideration ... shall be served within fourteen (14) days after the entry of the Court's determination[.]" The Court granted substitution of the USACE on February 26, 2016. (See Order, *Sea Gate Beach Club Corp. v. H&L Contracting, LLC*, No. 15–2408 (E.D.N.Y. Feb. 25, 2016), ECF No. 26.) Therefore, Plaintiff's request, made on May 5, 2016, is late. Moreover, Plaintiff has not identified any "mistake," "newly discovered evidence," or other basis upon which this Court should reconsider its previous ruling. Fed. R. Civ. P. 60(b). For these reasons, Plaintiff's request for reconsideration is denied.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

SO ORDERED.